UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV-25-06022-AGR                                            Date: March 17, 2026

Title    Juan P. Martinez-Resendiz, et al. v. Ford Motor Co.

Present:  The Honorable:  Alicia G. Rosenberg, United States Magistrate Judge

|  |  |
|---|---|
| J. Munoz for K. Lozada | |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER RE: PLAINTIFF'S MOTION TO REMAND (Dkt. No. 16)**

On July 2, 2025, Defendant Ford Motor Co. ("Ford") removed this action from Superior Court based on diversity of citizenship.  (Dkt. No. 1.)

Plaintiffs filed a motion to remand this action to Superior Court.  (Dkt. No. 16.) Ford filed an opposition.  (Dkt. No. 17.)  Plaintiffs did not file a reply.  (Dkt. No. 16.) The motion is appropriate for adjudication without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.

The complaint contains causes of action under the federal Magnuson-Moss Warranty Act ("MMWA").  (Dkt. No. 1-1.)  "Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."  *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022).  The amount in controversy is "computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(3)(B).

Ford has satisfied its burden to show, by a preponderance of the evidence, the existence of diversity jurisdiction.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (applying preponderance of the evidence standard when, as here, "complaint fails to allege a sufficiently specific total amount in controversy").

The complaint seeks relief including a refund of the purchase price, damages, and attorneys fees.  (Compl. ¶¶ 47, 50.)  Ford states that the purchase price was $46,610.40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV-25-06022-AGR                                  Date: March 17, 2026

Title      Juan P. Martinez-Resendiz, et al. v. Ford Motor Co.

(Manetti Decl. ¶ 2 & Exh. A.)  After deduction for a mileage offset of $3,390.52,[1] the net recovery would be $43,219.88.  The court concludes that Ford has reasonably calculated damages for purposes of diversity jurisdiction.  *Larch-Miller v. GM, LLC*, 2025 U.S. Dist. LEXIS 215221, *9-*10 (C.D. Cal. Oct. 30, 2025).

Attorneys fees may be included in the amount in controversy when they are available to prevailing plaintiffs pursuant to state fee-shifting statutes.  *Shoner*, 30 F.4th at 1148. [2]  There is no dispute that attorneys fees are available to a prevailing plaintiff in this action.  Plaintiffs estimate that attorneys fees and costs in this action are likely not more than $30,000.  (Motion at 5, 7.)  Although Plaintiffs do not break out the costs, which must be excluded, it is reasonable to estimate that most of the $30,000 amount is attributable to attorneys fees.  *See Larch-Miller*, 2025 U.S. Dist. LEXIS 215221, at *11 (accepting $15,000 as reasonable estimate of attorneys fees based on court's experience in Song Beverly Act cases).  After the addition of attorneys fees, the amount in controversy is over $50,000.[3]

Plaintiffs state that they are "not seeking civil penalties" in this action.  (Motion at 8.)  The court accepts Plaintiffs' representation.  Nevertheless, the amount of civil penalties is unnecessary to the disposition of Plaintiffs' motion.

Finally, Plaintiffs argue that the court should remand this matter to state court even if diversity jurisdiction has been established.  Plaintiffs cite *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), but that case is inapposite.  In the pages cited by Plaintiffs, the Supreme Court addressed the exercise of federal question

---

[1]   The opposition explains how the mileage offset was calculated.  (Opp. at ; Manetti Decl. ¶ 3.)

[2]   Plaintiffs' reliance on district court cases dated prior to the Ninth Circuit's decision in *Shoner* is misplaced.

[3]   This remains true even if Plaintiffs seek only restitution of the amounts paid for the vehicle.  According to the contract, Plaintiffs would have made a down payment of $1,368 and paid monthly payments totaling $36,445.46 before the lawsuit was filed for a total of $37,813.46.  (Exh. 1 to Manetti Decl.)  When a reasonable estimate of $15,000 in attorneys fees is added, the amount in controversy is $52,813.46.  Plaintiffs did not dispute the amounts in the contract or provide any contrary information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV-25-06022-AGR                                          Date: March 17, 2026

Title      Juan P. Martinez-Resendiz, et al. v. Ford Motor Co.

jurisdiction in a case between nondiverse parties that involves only state law claims that implicate significant federal issues. *Id.* at 313-14. By contrast, Plaintiffs' complaint alleges both federal and state claims. Plaintiffs appear to contend that this court has *sua sponte* remanded on this basis and the motion states that three such rulings are attached as Exhibit 1. (Motion at 12.) The court has not located an Exhibit 1 to the motion. Although the motion does not provide case numbers, this court has located the cases using the case names provided in the motion. None of the rulings in those cases were issued by this court, and none were based on the exercise of a "veto" over a properly removed case. Rather, one ruling remanded the action for failure to establish that the parties were diverse, and two rulings remanded the actions for failure to show that the amount in controversy satisfied the jurisdictional requirement.

     For all of the foregoing reasons, Plaintiff's motion to remand is DENIED.

**Initials of Preparer**   jm for kl